UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **STATE FARM FIRE &  CASUALTY CO.** | **CIVIL ACTION NO. 07-CV-1285** |
| **VS.** | **JUDGE MELANÇON** |
| **PETER R. LAFURIA,** *individually*  **SHARON LAFURIA,** *individually*  **PETER R. LAFURIA, M.D., A  PROFESSIONAL MEDICAL CORP.** | **MAGISTRATE JUDGE METHVIN** |

*RULING ON JURISDICTIONAL AMOUNT*

As required by a standing order of this court, the undersigned has reviewed the record and concludes that the jurisdictional amount has been established in this diversity case.

Plaintiff State Farm filed the instant declaratory judgment action on August 7, 2007, alleging as follows: State Farm issued a Homeowner's Policy to defendants Dr. Peter Lafuria and his wife, Sharon, with liability limits of $300,000; a Business Office Policy to defendant Dr. Peter Lafuria, M.D., DBA Physician's Office, with liability limits of $2,000,000 per occurrence and $4,000,000 in the aggregate; and a Personal Liability Umbrella Policy to defendant Dr. Lafuria, with liability limits of $1,000,000.  Although State Farm has not been named or served with any lawsuit involving Dr. Lafuria, numerous lawsuits and claims have been filed against Dr. Lafuria for damages stemming from his alleged unauthorized, non-consensual and unwanted photography of his female patients' genitalia and breasts during his examination of these patients.  Considering defendants' potential claims for coverage under the policies, in connection with the numerous claims and lawsuits by Dr. Lafuria's patients, State Farm asserts that the amount in controversy requirement for diversity jurisdiction has been satisfied.

State Farm has alleged in its complaint that the following claims and lawsuits have been filed:  Eight lawsuits have been filed in this court and consolidated under *Unknown Parties v.*

2

*Lafuria, Former Patients and/or Victims of Acts and/or Omissions of Peter Raymond Lafuria M.D., d/b/a Peter R. LaFuria M.D., a Professional Medical Corp.*, Civ. Act. No. 07-cv-895. At the time of the filing of the complaint, this case was administratively closed so that the parties could resolve their claims in the bankruptcy proceeding, *In Re: Peter Raymond Lafuria, M.D.*, Case No. 07-20346, in which they seek damages for injuries allegedly arising out of the conduct of Dr. Lafuria.[1]  Four proofs of claim had been filed in Case No. 07-20346 when the complaint was filed.

A class action lawsuit was filed in Case No. 07-20346, *Jane Roe, et al vs. Peter Raymond Lafuria, M.D.,* Adversary Proceeding No. 07-2010, seeking recovery of money and/or property, objecting to and/or revocation of discharge, and challenging the dischargeability due to willful and malicious injury.

Additionally, 21 claims for malpractice have been filed against Dr. Lafuria with the State of Louisiana Patient's Compensation Fund.

The various lawsuits and claims include allegations of experiences of severe emotional distress, great anxiety and fear as to publication of the subject photographs via e-mail, internet or hardcopy; severe anxiety over future medical care and/or treatment, and fear of the ability to be able to trust future health care providers.  The patients have made claims for various damages, including damages for past, present and future mental anguish, physical pain and suffering, humiliation, invasion of privacy, medical expenses, loss of enjoyment of life, permanent

---

[1] The consolidated action was voluntarily dismissed on April 15, 2008 because all claims had been settled in the bankruptcy court.  In the motion to dismiss, the parties note that the consolidated actions were originally filed in state court where the court froze all of Dr. Lafuria and Mrs. Lafuria's assets by a TRO.  The bankruptcy proceeding was filed to dissolve the TRO and address the "anticipated mass tort litigation in an orderly, efficient manner in one forum."

3

disability and other damages as a result of the intentional actions of Dr. Lafuria in photographing them without consent.[2]

In an action for declaratory relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002), citing Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir.1983). *See also* St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d 1250, 1253 (5th Cir. 1998) (in declaratory judgment actions, the value of the right to be protected is the determining factor in satisfying the jurisdictional amount requirement in actions for declaratory judgment). Specifically, in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, "the jurisdictional amount in controversy is measured by the value of the underlying claim-- not the face amount of the policy." Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002), *citing* 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d §§ 3710 (3d ed.1998).

Given the allegations regarding the great number of claims that have been filed againstDr. Lafuria for which State Farm may potentially be liable, the undersigned concludes that the jurisdictional amount has been established.

Signed at Lafayette, Louisiana, on June 26, 2008.

Mildred E. Methvin
United States Magistrate Judge

---

[2] They have also alleged that Dr. Lafuria's pending Chapter 11 proceeding serves only to diminish his estate and that it will exhaust Dr. Lafuria's available assets; he will never be in the position to submit a confirmable plan of reorganization; and the continued maintenance of the Chapter 11 proceeding will diminish his estate. These patients request an order converting the proceeding to one arising under Chapter 7, and that the debts be declared non-dischargeable.