UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **STATE FARM FIRE &** | **CIVIL ACTION NO. 07-1285** |
| **CASUALTY CO.** | |
| **VERSUS** | **JUDGE MELANÇON** |
| **PETER R. LAFURIA,** *ind.* | **MAGISTRATE JUDGE METHVIN** |
| **SHARON LAFURIA,** *ind.* | |
| **PETER R. LAFURIA, M.D.,** | |
| **A PROFESSIONAL MED. CORP.** | |

*REPORT AND RECOMMENDATION ON MOTION TO DISMISS*
Rec. Doc. 34

Before the court is defendants' motion to dismiss this declaratory judgment action. Plaintiff filed an opposition, and defendants filed a reply brief.[1] For the reasons set forth below, it is **RECOMMENDED** that the motion be granted and that this declaratory judgment action be dismissed.

*Background*

Numerous lawsuits and claims have been filed against Dr. Lafuria for damages stemming from his alleged unauthorized photography of his female patients' genitalia and breasts during medical examinations. During the relevant time frame, State Farm had in effect three policies:

1. A Homeowner's Policy issued to Dr. Lafuria and his wife, Sharon Lafuria, with liability limits of $300,000;

2. A Business Office Policy issued to Dr. Lafuria, d/b/a Physician's Office, with liability limits of $2,000,000 per occurrence and $4,000,000 in the aggregate; and

3. A Personal Liability Umbrella Policy issued to Dr. Lafuria, with liability limits of $1,000,000.

---
[1] Rec. Docs. 34, 37, 44.

State Farm filed the instant suit on August 7, 2007, seeking a declaratory judgment that State Farm "did not and does not have a duty to defend, provide coverage and indemnify" defendants for certain intentional torts which are the subject of separate litigation.[2] A description of previous and pending litigation is in order.

Eight lawsuits were filed and then removed to this court from the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.[3] Judge Melançon consolidated the cases under Civil Action No. 07-0895, and then ordered them administratively closed on July 2, 2007, to allow the parties to resolve their claims in Dr. Lafuria's then-pending bankruptcy proceeding.[4] After months of negotiations, the parties reached a settlement agreement in the bankruptcy proceeding, which included the creation of a settlement fund for a class of 600 of Dr. LaFuria's former patients,[5] and resolution of community property issues related to the divorce of Dr. and Mrs. LaFuria. To administer the settlement proceeds to the class, the Bankruptcy Court allowed the filing of a *state* court class action suit. The state court class action was filed on August 6, 2007.[6] Former Bankruptcy Judge Gerald Schiff was appointed by the State Court to act as Special Master.[7]

---

[2] Complaint for Declaratory Judgment, Rec. Doc. 1, ¶ ¶ 28, 37.

[3] These matters were removed by Dr. Lafuria on May 29, 2007.

[4] In Re: Peter Raymond Lafuria, M.D., Case No. 07-20346 .

[5] Jane Roe, et al vs. Peter Raymond Lafuria, M.D., Adversary Proceeding No. 07-02010.

[6] Skye Taylor, et al. V. Peter Raymond Lafuria, et al., Docket No. 2007-004415, Division "A," 14th Judicial District Court, Parish of Calcasieu.

[7] Defendant's Memorandum, Rec. Doc. 34 at 2.

As part of the settlement agreement outlined above, Dr. Lafuria assigned all causes of action, including any claims to insurance proceeds from State Farm, to the class of his former patients.[8] On May 5, 2008, class plaintiffs, as Dr. and Mrs. Lafuria's assignees, amended their class action complaint to include additional claims for defense and indemnity under the policies of insurance written by State Farm. [9]

In light of the settlement in the bankruptcy proceeding, the parties filed a joint stipulation to dismiss the consolidated action pending in this court. On April 15, 2008, Judge Melançon entered an order of dismissal of the action, with prejudice

### *Contention of the Parties*

The issue before the court is whether this case should be dismissed so that the issues of coverage, defense and indemnity under the State Farm policies can be determined in the pending state class action. Defendants maintain that the declaratory judgment action should be dismissed because State Farm is attempting to unfairly forum shop.

State Farm maintains that when it filed this matter, there were at least ten lawsuits filed against Dr. Lafuria, and, instead of waiting for Dr. Lafuria to sue State Farm in ten different cases, it filed the present matter to resolve the question of whether it owes a duty to defend and

---

[8] Id.

[9] Their allegations are as follows:

> On May 23, 2007, Dr. Peter Raymond Lafuria made demand on defendant State Farm Fire and Casualty Company for defense and indemnity, which was denied. By letter dated July 18, 2007, Dr. Lafuria forwarded four proofs of claims filed against him in his bankruptcy proceedings and again made a demand for a defense and indemnity, which was again denied. In February of 2008, Dr. Lafuria assigned his rights under the various insurance policies to the Plaintiffs herein. Therefore, Plaintiffs herein, as assignees of Dr. Lafuria's rights under his State Farm Fire and Casualty Company policy, hereby make demand for defense and indemnity.

indemnify once instead of ten different times. State Farm argues that Dr. Lafuria has yet to file a claim against it and this court should not dismiss its declaratory judgment action.

### *Legal Analysis*

Under the Declaratory Judgment Act, a district court has a measure of discretion in deciding whether to entertain the action. See to 28 U.S.C. § 2201. However, "the district court's discretion is broad, it is not unfettered." St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590 (5th Cir. 1994), citing Travelers Ins. Co. v. Louisiana Farm Bureau Federation, 996 F.2d 774, 778 (5th Cir.1993). The court must consider the following factors in determining whether to entertain a declaratory action: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." Sherwin-Williams Co. v. Holmes County 343 F.3d 383, 387 (5th Cir. 2003).

## I. Justiciablity

"A declaratory judgment action is justiciable if 'a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.'" Hiscox Dedicated Corp. Member, Ltd. v. Carolina Consultants of Nevada, LLC, Civil Action No. H-06-2497, 2006 WL 3053390, 2 (S. D.Tex. Oct. 26, 2006) *citing* Venator Group Specialty, Inc. v. Matthew/Muniot Family, LLC, 322 F.3d 835, 838 (5th Cir.2003).

Dr. Lafuria tendered the various lawsuits against him to State Farm and requested defense and indemnity. State Farm denied any duty to defend and indemnify based on policy language. Thus, the declaratory action *sub judice* is clearly justiciable because there is a substantial controversy between the parties over State Farm's contractual duties under the three insurance policies.

## II. Is the Court Authorized to Grant Declaratory Relief?

A court must decline to decide a case if (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state court proceedings under section 2283. Id. At 388. State Farm points out that Dr. Lafuria has never sued State Farm in any state court, and therefore the instant motion should be denied on this basis alone.

The class action suit was filed the day before the State Farm filed its complaint for declaratory judgment. However, State Farm was not named as a defendant by Dr. Lafuria's assignees at that time, and it appears that the court has the power to grant declaratory relief.

## III. Should the Court Exercise its Discretion to Decide the Case?

Under Trejo, the district court must consider seven factors in determining whether to exercise its discretion to decide or dismiss a declaratory judgment:

1. whether there is a pending state action in which all of the matters in controversy may be fully litigated,

2. whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,

3. whether the plaintiff engaged in forum-shopping in bringing the suit,

4. whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums,

5. whether the federal court is a convenient forum for the parties and witnesses,

6. whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and

7. whether the federal court is being called on to construe a state judicial decree and entered by the court before whom the parallel state suit between the same parties is pending.

St. Paul Ins. Co. v. Trejo, 39 F.3d at 590-591. Each factor will be addressed in turn.

*(a) Comity and Efficiency*

The first step concerns the proper allocation of decision-making between state and federal courts. Sherwin-Williams, 343 F.3d at 390. The Fifth Circuit noted in Sherwin-Williams that:

> Each circuit's test emphasizes that if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit.

Id. at 390 -391. Here, the only issue before the court is interpretation of the insurance policies which will be determined by Louisiana state law. These issues have been raised in the state court class action. Thus, this factor clearly weighs in the defendants' favor.

*(b) Fairness Factors*

The next three factors analyze whether the instant suit was filed in anticipation of litigation by defendants or for an improper purpose.

The record shows that State Farm's goal in filing this suit was not improper. State Farm filed its action within three months of the filing of several state court suits, and after Dr. Lafuria had made demand for defense and indemnity. This suggests that State Farm filed its action in anticipation of litigation by Dr. Lafuria, but the allegation of forum shopping is not fully persuasive. Had Dr. Lafuria actually filed suit against State Farm, State Farm could have exercised its statutory right under 28 U.S.C. 1441 to remove the action to this court under diversity jurisdiction.

The undersigned concludes that State Farm's purpose in filing the instant action was permissible and it did not unfairly attempt to forum shop. The fairness factors thus do not weigh in favor of dismissal.

*(c) Efficiency/Economy Factors*

The next two factors concern whether the federal court is a convenient form and whether deciding the declaratory action would serve the purposes of judicial economy.  The class action is pending in Calcasieu Parish, located within this District, and Dr. Lafuria has not contended that this form is inconvenient.  Whether litigated in Lake Charles or Lafayette, the undersigned finds both forums are equally convenient.

However, retaining this action would not serve the purpose of judicial economy.  Here, the state court handling the class action suit is familiar with the issues.  A summary judgment may be filed by State Farm in that court just as readily as it might be here.  The undersigned thus concludes that judicial economy is better served for the state court to hear the matter.

*(d) Federalism and Comity*

The court is not being called upon to construe a state judicial decree involving the same parties; therefore, this factor is not relevant.

*Conclusion*

The declaratory judgment action at issue raises only questions of state law, and considering the Trejo factors, and particularly the issue of judicial economy, the undersigned RECOMMENDS that this court dismiss the declaratory judgment action pending before it.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), Fed.R.Civ.P., the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court.  Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its receipt, or within the time frame authorized by Rule 6(b) Fed.R.Civ.P., shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on October 21, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)